UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YLENIA DE PIETRI,<br><br>         Plaintiff,<br><br>   -against-<br><br>ROADGET BUSINESS PTE. LTD., a Singapore private limited company; SHEIN US SERVICES, LCC, a Delaware limited liability company; and SHEIN DISTRIBUTION CORPORATION, a Delaware corporation,<br><br>        Defendants. | Docket No.: 1:26-cv-4792<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff YLENIA DE PIETRI ("Plaintiff" or "de Pietri"), by and through her undersigned attorneys, for her complaint against defendants Roadget Business Pte. Ltd. ("Roadget"), Shein US Services, LLC ("SUS"), and Shein Distribution Corporation ("SDC") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought by an independent design company against a web of interrelated corporate entities that do business in the United States and around the world as the fast fashion e-commerce brand Shein.

2. Defendants, via their ownership of the Shein brand, and their operation of the corresponding Shein website and mobile application, flood the market with thousands of cheap, infringing products with complete disregard for the intellectual property rights of others.

3. Defendants, together with their corporate affiliates and a multitude of suppliers, have engaged in a coordinated scheme with the purpose, plan, and effect of infringing the intellectual property of independent artists and businesses for their own financial gain.

4. In the past several years alone, intellectual property owners have collectively filed more than 100 infringement lawsuits against Defendants and/or their corporate affiliates and predecessors – a rate that far outpaces infringement lawsuits brought against similar companies. Many more artists and copyright holders have either resolved or dropped potential infringement claims against Defendants, their predecessors, and/or their corporate affiliates without ever filing suit, while others have never even learned that their intellectual property was infringed in the first place.

5. Plaintiff is one of many independent artists and businesses that have been and continue to be systematically targeted and exploited by Defendants' unlawful conduct.

6. Plaintiff seeks relief for Defendants' use of at least one of Plaintiff's images to advertise the sale of a product on Defendants' e-commerce platform. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement.

## **PARTIES**

7. Plaintiff de Pietri is an individual who resides in Wakefield, England. De Pietri owns the copyright for the photograph at issue and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint.

8. Defendant Roadget is a private limited company organized under the laws of the country of Singapore. Roadget is the owner of the Shein brand, the Shein trademark, the website located at shein.com (the "Shein Website"), and the corresponding mobile application (the "Shein Mobile App").

9. Defendant SUS is a limited liability company organized under the laws of the State of Delaware. SUS is Roadget's affiliate and licensee and is involved in the operation of the Shein

brand in the United States, including the offering and display of products for sale on the Shein Website and the Shein Mobile App.

10.    Defendant SDC is a corporation organized under the laws of the State of Delaware. SDC is Roadget's affiliate and is involved in the operation of the Shein brand in the United States, including the offering and display of products for sale on the Shein Website and Shein Mobile App.

## JURISDICTION AND VENUE

11.    This matter is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

12.    The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

13.    This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants do systematic business in New York and in this District by displaying, offering for sale, targeting, advertising, and selling products to New York consumers through the Shein Website and Shein Mobile App, and various social media platforms. Defendants have also committed unlawful acts outside of New York that caused injury to Plaintiff within New York and this District; regularly do or solicit business in New York and this District; derive substantial revenue from goods used or services rendered in New York and this District; expect or reasonably should expect their infringing conduct to have consequences in New York and this District; and derive substantial revenue from interstate commerce.

14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants committed unlawful acts of infringement in this District, Defendants' unlawful

conduct resulted in damage to Plaintiff in this District, and Defendants do business here and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I.    De Pietri and Her Original Artwork

15.    Plaintiff de Pietri is a social media content creator who earns income by producing digital content for her audience and publishing her content on various online platforms. Plaintiff operates a subscription-based account where her followers can access exclusive material.

16.    As part of her artistic work, Plaintiff created the following digital image titled *Ylenia De Pietra Photo- Los Angeles April 29, 2025* (the "Work"):



17.    The Work in perspective, orientation, positioning, lighting and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

18.    On or about July 16, 2025, Plaintiff obtained federal copy registration No. VA 2-453-162 for the Work. A copy of the Certificate of Registration is annexed hereto as "Exhibit 1".

19.     Plaintiff's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

20.     At all relevant times Plaintiff was the owner of the copyrighted Work at issue in this case.

### A. The Shein Website, the Shein Mobile App, and the Shein Infringing Products

21.     Upon information and belief, Defendants own and operate the fast fashion brand Shein, amongst others, and their corresponding intellectual property, websites, and mobile applications, which advertise, display, and sell apparel, accessories, jewelry, and other products to customers in the United States and around the world.

22.     Upon information and belief, Defendant Roadget owns the Shein brand, the Shein Website, the Shein Mobile App, and corresponding intellectual property.

23.     Upon information and belief, Defendants Roadget, SDC, and SUS together operate the Shein Website and Shein Mobile App, through which they offer and display products for sale. The Shein brand is the central pillar of Defendants' web of interconnected fast fashion e-commerce brands.

24.     Upon information and belief, Defendants Roadget, SDC, and SUS sell products under the Shein brand via the Shein Website and Shein Mobile App directly to consumers in New York and in this District.

25.     Upon information and belief, Defendants Roadget, SDC, and SUS also sell products under the Shein brand directly to consumers in New York and in this District via temporary and/or seasonal "pop-up shops." Most recently, Defendants Roadget, SDC, and SUS hosted a Shein pop-up shop in this District at Forever 21 Times Square, 1540 Broadway, B3 New York, NY 10036 from November 9-12, 2023.

26. Upon information and belief, beginning in May 2023, Defendants Roadget, SDC, and SUS launched the "Shein Marketplace," a new platform hosted on the Shein Website and Shein Mobile App that supplements Defendants Roadget's, SDC's and SUS's direct-seller model by ostensibly allowing consumers to purchase products from a select number of vetted third-party vendors. In reality, the newly created Shein Marketplace is no different from the direct-seller model, and these third-party vendors in practice function more as traditional wholesale suppliers.

27. Upon information and belief, Defendants Roadget, SDC, and SUS exercise substantial control over the third-party vendors and products sold on the Shein Marketplace.

28. Upon information and belief, Defendants Roadget, SDC, and SUS provide a wide array of financing, onboarding, logistics, and other services to their third-party vendors that go well beyond traditional marketplace services. Upon information and belief, Defendants Roadget, SDC, and SUS directly finance and invest in factories, infrastructure, and training, among other things, for the benefit of the third-party vendors on the Shein Marketplace.

29. Upon information and belief, Defendants Roadget, SDC, and SUS curate, select, and control which entities will be third-party vendors on the Shein Marketplace.

30. Upon information and belief, Defendants Roadget, SDC, and SUS curate, select, and control the products designed and sold by third-party vendors on the Shein Marketplace for the benefit of their customers, in much the same way they curate, select, and control the products that they themselves sell directly under the Shein brand.

31. Upon information and belief, Defendants Roadget, SDC, and SUS are involved in the creation and publication of the Shein Marketplace page on the Shein Website and Shein Mobile App for each third-party vendor, including the selection and uploading of the images, designs, and other vendor information.

32.     Upon information and belief, Defendants Roadget, SDC, and SUS are involved in the curation, selection, and publication of the third-party vendors' product pages and product photos on the Shein Website and Shein Mobile App.

33.     Upon information and belief, Defendants Roadget, SDC, and SUS have an excessive degree of control in setting the prices of the products sold on the Shein Marketplace.

34.     Upon information and belief, Defendants Roadget, SDC, and SUS exercise a substantial degree of control over the marketing and advertising of all products sold on the Shein Marketplace.

35.     Upon information and belief, Defendants Roadget, SDC, and SUS exercise a significant degree of control and influence over storage, warehousing, and distribution of the products sold on the Shein Marketplace (including through their centralized distribution centers in Guangdong Province, China).

36.     Upon information and belief, Defendants Roadget, SDC, and SUS process the payments for all transactions completed on the Shein Website and Shein Mobile App, including the Shein Marketplace.

37.     Upon information and belief, Defendants Roadget, SDC, and SUS exercise a substantial degree of control over customer service, returns, and refunds for all orders placed on the Shein Website and Shein Mobile App, including the Shein Marketplace.

38.     Upon information and belief, Defendants Roadget, SDC, and SUS maintain data security services to protect consumers' personal and payment information for all orders placed on the Shein Website and Shein Mobile App, including the Shein Marketplace.

39.     Upon information and belief, Defendants Roadget, SDC, and SUS are not simply "passive hosts" of the infringing products being sold on the Shein Marketplace but are instead

integrally involved in every step of the creation, sourcing, display, and sale of the Shein Infringing Products, making them direct participants in the infringement.

40. Upon information and belief, Defendants Roadget, SDC, and SUS have directly financially benefited from displaying and selling the Shein Infringing Products on the Shein Website and Shein Mobile App. Defendants Roadget, SDC, and SUS have directly financially benefited from the availability of and sales of the Shein Infringing Products on the Shein Marketplace.

41. Upon information and belief, Defendants Roadget's, SDC's, and SUS's infringement of the Work has been willful. Defendants never attempted to contact Plaintiff to inquire about properly licensing the Work.

42. Upon information and belief, Defendants Roadget, SDC, and SUS know that the products on the Shein Marketplace are being promoted and advertised using unlicensed copyrighted materials but allow this practice to occur without implementing any reasonable checks to prevent continued and additional infringement.

43. Upon information and belief, Despite having been repeatedly sued for copyright infringement, Defendants continue to willfully infringe the works of independent artists and businesses, including many of the same artists and businesses who have sued Defendants and/or their corporate affiliates and predecessors for copyright infringement in the past, presumably because it is far more profitable to do so than to comply with the law, e.g., by creating or licensing original works.

44. Upon information and belief, Plaintiff has been forced to file this action to protect her rights and livelihood and to protect the integrity of her artwork.

**B. Defendants' Willful Infringement and Unlawful Conduct Herein**

45.    Plaintiff has never licensed her Work to appear on the Shein website or the Shein Marketplace.

46.    Plaintiff has never licensed her work to any Defendant.

47.    Plaintiff has never licensed her work to any entity associated with "VogueVera".

48.    On a date after the Work was created, but prior to the filing of this action, Plaintiff's Work was copied and appeared on Defendants' website and/or sales platform.

49.    In July 2025, Plaintiff discovered the unauthorized use of his Work on Defendants' United States sales platform, https://us.shein.com (the "Website"). The Work was being used advertise and promote products for sale on Defendants' online marketplace, including but not limited to tights/leggings for sale on Defendants' sales platform at: https://us.shein.com/VogueVeraGlossyTights (the "Product Page"). Although the Product Page is no longer available it is reproduced below:



50.    The Website states that the product is "Sold by and Ships from SHEIN."

51.     Upon information and belief, the Work was reproduced, edited, displayed, and distributed via the Product Page by one or all of the Defendants.

52.     Upon information and belief, one or more of the Defendants allowed Plaintiff's copyrighted Work to be reproduced, edited, displayed, and distributed via the Product Page without Plaintiff's permission.

53.     Upon information and belief, one or more of the Defendants allowed Plaintiff's copyrighted Work to be used on its platforms when Defendants knew or should have known that the Work was copyrighted.

54.     Plaintiff notified Defendant SUS of the allegations set forth herein via letter on August 5, 2025. A copy of that letter is annexed hereto as "Exhibit 2."

55.     Subsequent to the demand letter, the product page was removed from Defendants' platform.

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
**17 U.S.C. § 501, *et seq.***

56.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through [] above as if fully set forth herein.

57.     Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in the Original Designs.

58.     Defendants copied, reproduced, distributed, adapted, publicly displayed, and/or sold elements of the Original Designs without the consent, permission, or authority of Plaintiff.

59.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

60.     Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

61.     Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

62.     Alternatively, Plaintiff is entitled to an award of statutory damages for each of the Original Designs, pursuant to 17 U.S.C. § 504.

63.     Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501, *et seq.*

64.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through [] above as if fully set forth herein.

65.     Defendants knew of the infringement of Plaintiff's copyrighted Work on the Shein Website and the Shein Mobile App, including on the Shein Marketplace.

66.     Defendants Roadget, SDC, and SUS unlawfully allowed, enabled, or otherwise facilitated the creation and distribution of the Shein Infringing Products.

67.     Defendants Roadget, SDC, and SUS knowingly induced, caused, and/or materially contributed to the direct infringement of Plaintiff's copyrighted Original Designs.

68.     Plaintiff has been damaged by, and Defendants Roadget, SDC, and SUS have profited and materially benefited from, the infringement of Plaintiff's copyrighted Work.

69.     Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's Work.

## THIRD CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT

**17 U.S.C. § 501,** *et seq.*

70.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through [] above as if fully set forth herein.

71.    Defendants receive a direct financial benefit from the infringing activities occurring on the Shein Marketplace, including the use of infringing material in the advertisement and promotion of products for sale on the Shein Marketplace.

72.    Defendants receive a direct financial benefit through the use of infringing material in the advertisement and promotion of products for sale on the Shein Marketplace, which acts as a draw for customers and results in sales and further profits and revenues to Defendants.

73.    Defendants have the right and ability to control and supervise the infringing activity of third-party vendors on the Shein Marketplace through the exercise of substantial control over the third-party vendors, the products displayed and sold, and the marketing and advertising of all products displayed and sold on the Shein Marketplace.

74.    Defendants have failed to exercise their right and ability to supervise or control the infringing activity occurring on the Shein Marketplace.

75.    Defendants have the ability to stop or limit the infringing activity occurring on the Shein Marketplace, as well as the practical ability to do so.

76.    Defendants have failed to stop or limit the infringing activity occurring on the Shein Marketplace.

77.    Plaintiff has been damaged by, and Defendants have profited and materially benefited from, the direct infringement of Plaintiff's copyrighted Original Designs.

78.    Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Designs.

**WHEREFORE**, Plaintiff demands judgment as follows:

a.  For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

b.  For an award of all of Defendants' disgorged worldwide profits attributable to Defendants' copyright infringement;

c.  For an award of statutory damages for the Work under the Copyright Act, 17 U.S.C. § 504(c), including but not limited to damages for willful infringement pursuant to 17 U.S.C. § 502(c)(2), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

d.  For reasonable attorneys' fees and costs of suit incurred herein;

e.  For interest, including prejudgment interest, on the foregoing sums; and

f.  For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: June 5, 2026
          Mineola, NY

By:  /s/ *Alexander Lonstein*
          Alexander Lonstein
          RAISER KENNIFF & LONSTEIN, P.C.
          666 Old Country Road, Suite 509A
          Garden City, NY 11530